UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

++++++++++++++++++++++++++++++++++++++++++++++++++++

**LESTER LEE SCARBROUGH, JR.,**

**Plaintiff,**

-v-　　　　　　　　　　　　　　　　9:11-CV-131 (NAM/CFH)

**JEFFREY EVANS, OMH Social Worker, Upstate Correctional Facility; NANCY SMITH, Nurse Administrator, Upstate Correctional Facility; and BEZALEL WURZBERGER, MD Psych III, Upstate Correctional Facility,**

**Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

Lester Lee Scarbrough, Jr.
Plaintiff *Pro Se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Adrienne J. Kerwin, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this *pro se* action pursuant to 42 U.S.C. § 1983, plaintiff claims that his constitutional rights were violated while he was an inmate in the custody of New York Department of Corrections and Community Services. On initial screening pursuant to 28 U.S.C. §§ 1915(e), 1915A, this Court dismissed a number of defendants and claims (Dkt. No. 8). Thereafter, defendants moved (Dkt. No. 21) to dismiss all remaining claims. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge David R. Homer issued a Report-Recommendation and Order (Dkt. No. 34) recommending that defendants'

motion to dismiss be granted as to all three remaining defendants, Nancy Smith, Jeffrey Evans, and Bezalel Wurzberger, and that the claims asserted in the complaint be dismissed. Magistrate Judge Homer gave plaintiff leave to file an amended complaint asserting claims for (1) failure to protect defendant from assaults by other inmates, (2) retaliation by terminating plaintiff's medical treatment after he complained about the medications he was given, and (3) use of excessive force during a cell extraction.

Plaintiff then filed an amended complaint (Dkt. No. 36). The defendants move (Dkt. No. 40) to dismiss the amended complaint. Plaintiff submits opposition (Dkt. No. 42) to the motion. Plaintiff also submits a "Motion to Amend and Supplemental Pleadings" (Dkt. No. 43).

The Court first reviews the Report-Recommendation and Order (Dkt. No. 34) addressing the motion (Dkt. No. 21) to dismiss the initial complaint. Plaintiff has not filed an objection. Certain sections of plaintiff's opposition (Dkt. No. 42) to the motion to dismiss the amended complaint may arguably be viewed as objections to Magistrate Judge Homer's dismissal recommendations. Thus, in deference to plaintiff's *pro se* status, the Court reviews the Report-Recommendation and Order *de novo*. Upon such review, construing this *pro se* pleading most liberally in plaintiff's favor to raise the strongest arguments that it suggests, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and considering all plaintiff's submissions in this action (including his opposition to the motion to dismiss the amended complaint), the Court accepts the Report-Recommendation and Order in its entirety and grants the motion (Dkt. No. 21) to dismiss the initial complaint.

The Court next considers defendants' motion (Dkt. No. 40) to dismiss the amended complaint (Dkt. No. 36). The Court agrees with defendants that the amended complaint fails to

-2-

state causes of action for failure to protect, retaliation, use of excessive force, or any other claim against defendants. In his opposition to the motion (Dkt. No. 42), plaintiff makes additional factual allegations, none of which state a claim against these defendants. At most, plaintiff's allegations, construed most liberally in his favor to raise the strongest arguments that they suggest, amount to disagreement with the way defendants Jeffrey Evans and Bezalel Wurzberger handled his mental health issues. These allegations do not support a plausible claim for failure to protect defendant from assaults by other inmates. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that to survive a dismissal motion, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face."). Nor does plaintiff state a plausible claim for retaliation. Plaintiff's allegations regarding the cell extraction do not mention any of the three defendants. Plaintiff states no claim against Nancy Smith. Nothing in plaintiff's submissions suggests that, if given another opportunity to amend, plaintiff would be able to state viable claims against these defendants. Accordingly, the motion (Dkt. No. 40) to dismiss is granted.

Finally, the Court reviews plaintiff's "Motion to Amend and Supplemental Pleadings" (Dkt. No. 43). Plaintiff asks the Court "to issue an order to sequence the filing of all the lawsuits and the letters trying to combine everything for a settlement." Because the instant action is dismissed, there is no basis for such relief. To the extent that this submission may be read as a motion for leave to file a second amended complaint or supplemental pleading, the motion is denied without prejudice, because none of the allegations pertain to the defendants or causes of action in this action.

In view of the dismissal of this action, defendants' motion to stay (Dkt. No. 47) and

-3-

plaintiff's motion for preliminary injunctive relief (Dkt. No. 38) are denied.

It is therefore

ORDERED that the Report-Recommendation and Order of United States Magistrate Judge David R. Homer (Dkt. No. 34) is accepted; and it is further

ORDERED that the motion (Dkt. No. 21) is granted; and it is further

ORDERED that the motion (Dkt. No. 38) is denied; and it is further

ORDERED that the motion (Dkt. No. 40) is granted; and it is further

ORDERED that the amended complaint (Dkt. No. 36) is dismissed; and it is further

ORDERED that the motion (Dkt. No. 43) is denied; to the extent that it is intended as a motion for leave to file a second amended complaint or supplemental pleading, denial is without prejudice; and it is further

ORDERED that the motion (Dkt. No. 47) is denied; and it is further

ORDERED that the action is dismissed in its entirety on the merits; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order upon all parties in accordance with the Local Rules of the Northern District of New York and upon plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

September 24, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge